Vincent K. Yip (Bar No. 170665)
vyip@nixonpeabody.com
Peter J. Wied (Bar No. 198475)
pwied@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel:  213-629-6000
Fax:  213-629-6001

Attorneys for Defendants
Nanya Technology Corporation,
Nanya Technology Corporation U.S.A.,
and Nanya Technology Corporation Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br>NANYA TECHNOLOGY CORPORATION; NANYA TECHNOLOGY CORPORATION, USA, and NANYA TECHNOLOGY CORPORATION DELAWARE,<br><br>                    Defendants. | Case No. 3:17-cv-04032-WHA<br><br>**NANYA'S MOTION FOR FEES**<br><br>[Filed concurrently with: Declaration of Peter J. Wied; [Proposed] Order]<br><br>Date:      March 29, 2018<br>Time:      8:00 a.m.<br>Judge:     Hon. William H. Alsup<br>Courtroom: 12 |

NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 3-1, Defendants Nanya Technology Corporation; Nanya Technology Corporation, USA, and Nanya Technology Corporation Delaware ("Defendant" or "Nanya") hereby move this Court for an Order granting attorneys' fees and costs. This Motion is noticed for hearing if necessary on March 29, 2018 at 8:00 a.m. in Courtroom 8, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San

Francisco, CA before the Hon. William H. Alsup.

MEMORANDUM OF POINTS AND AUTHORITIES

I.   Introduction

Plaintiff Lone Star Silicon Innovations originally filed this suit against Nanya in October 2016 in the Eastern District of Texas, asserting infringement of 5 patents. Dkt. No. 1. Plaintiff's Complaint alleged that it was the "sole owner of all rights, title and interest" in the asserted patents by virtue of an assignment from AMD. On October 24, more than a year after filing its Complaint, and after the case had been transferred to this Court, Plaintiff for the first time produced the Patent Transfer Agreement between Plaintiff and AMD, which, as this Court noted, "substantially curtailed" the rights purportedly assigned to Plaintiff. Dismissal Order, Dkt. No. 93 at 3. Nanya promptly filed a motion to dismiss, asserting that the Patent Transfer Agreement did not convey all substantial rights in the patents and therefore Plaintiff lacked standing to sue on its own. After briefing and a hearing, the Court granted the motion to dismiss.

It is clear that had Plaintiff produced the Patent Transfer Agreement in a timely fashion, as required by the Discovery Order and Local Rules of the Eastern District of Texas, Nanya could and would have raised the standing issue. As a result of the delayed production, Nanya was forced to incur expenses in both the litigation and in filing requests for *inter partes* review of the asserted patents, which would not have been necessary if the standing issue was decided earlier. Accordingly, Nanya now seeks an order awarding it those fees and costs.

II.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(A) provides "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." The Rule goes on to provide at 37(b)(2)(C) that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, ––– U.S. ––––, 134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014). In considering the totality of the circumstances, the Court may consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342, at *5 (N.D. Cal. Oct. 11, 2017) (*citing Octane Fitness*, 134 S.Ct. at 1756 n.6).

III.   Argument

a.   Plaintiff Was Under Court Order To Produce The Agreement Months Earlier

Lone Star was clearly obligated to produce the Patent Transfer Agreement prior to October 24, 2017. While the case was in the Eastern District of Texas, the court entered a Discovery Order which, in paragraph 3(b), required each party to "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. No. 103 in Case No. 3:17-cv-04034-WHA[1] This production was required "[w]ithout awaiting a discovery request." *Id*. ¶3.

There can be no question that the Patent Transfer Agreement is relevant to Plaintiff's claims, since it had pled that it was the "assignee" and "sole owner" of the patents, an allegation which this Court found to be incorrect in the Dismissal Order. Moreover, Plaintiff had the burden of establishing it had standing to bring the action. *Sicom Sys., Ltd. V. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). Thus Plaintiff was obligated to produce the Patent Transfer Agreement pursuant to the Discovery Order.

---

[1] Because the Nanya case was consolidated with the related cases against other defendants while pending in the Eastern District of Texas, orders and pleading applicable to all of the cases were filed only in the Lone Star v. Toshiba docket. Docket citations are to the docket in this case, except where noted otherwise.

1    The Court further ordered that the required production take place by February 21, 2017. See Dkt. Nos. 37 and 110 in Case No. 3:17-cv-04034-WHA. Indeed, Plaintiff even filed a Notice of Compliance with the Court, indicating that it had complied with "its disclosures under Paragraphs 1 and 3 of the Discovery Order via email on February 21, 2017." Dkt. No. 90 in Case No. 3:17-cv-04034-WHA. Despite that Notice, because Plaintiff had not produced the Patent Transfer Agreement, Plaintiff was ***not*** in compliance with the Discovery Order during the period from February 21, when it should have produced the agreement, through October 24, when it actually did so.

b.   Nanya Incurred Unnecessary Fees As A Result of Plaintiff's Delay

It is clear that Nanya has been prejudiced by Plaintiff's failure to produce the Patent Transfer Agreement earlier. Once the agreement was produced on October 24, 2017, Nanya filed its Motion to Dismiss within two weeks. Dkt. No. 65. Less than three months after the production of the agreement, on January 20, 2018, this Court issued its Dismissal Order. Thus, had Plaintiff produced the agreement in February 2017 as required by the Discovery Order, it is reasonable to conclude that the litigation would have been dismissed by the end of May. Critically, Nanya would not needed to prepare requests for *inter partes* review of the five patents, since the dismissal would have come well before the October deadline to file IPR requests.

c.   An Award Can Be Made Under FRCP 37

Rule 37 provides a sufficient basis for awarding Nanya its fees and expenses during the period that Plaintiff was not in compliance with its obligations under the Discovery Order, including fees and expenses incurred in filing the IPRs. The rule provides that a court "must" award the reasonable expenses caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." FRCP 37(b)(2)(C). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Plaintiff has suggested during the meet and confer process that its failure to produce the Patent Transfer Agreement when required was an inadvertent mistake. Notably, Plaintiff offered no justification for its late production when it produced the documents, nor during the briefing on

1    the various motions to dismiss, nor when the issue was raised at the hearing. Further, mistake or

2    oversight "does not rise to the level of substantially justified." *Hartford Cas. Ins. Co. v. Power*

3    *Play Prod., Inc.*, 130 F. App'x 170, 171 (9th Cir. 2005). *See also Thissel v. Murphy*, No. 15-CV-

4    05937-RS, 2017 WL 2462316, at *3 (N.D. Cal. June 7, 2017); *R & R Sails Inc. v. Ins. Co. of State*

5    *of PA*, 251 F.R.D. 520, 526 (S.D. Cal. 2008); *Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012

6    WL 760747, at *16 (D. Nev. Mar. 6, 2012) ("Neither inadvertent mistakes nor unintentional

7    oversights are sufficient to show substantial justification for delay.") Plaintiff's failure to produce

8    the Patent Transfer Agreement when required is not excused under Rule 37.

9         Nor are there special circumstances that would make the award of Nanya's expenses

10   unjust. On the contrary, even if the delayed production was an oversight by Plaintiff, it would be

11   unjust to expect Nanya to bear the costs of that mistake, especially where they have proven to be

12   so substantial. Rather, justice requires that Plaintiff accept the consequences of its mistake, which

13   includes the fees and expenses incurred by Nanya during Plaintiff's period of non-compliance

14   with the Discovery Order.

15                     d.   Alternatively, An Award Can Be Made Under 35 U.S.C. 285

16        The award of Nanya's expenses is further justified under 35 U.S.C. 285. Nanya is clearly

17   the prevailing party, having obtained not only the dismissal of the case, but also a ruling that

18   Plaintiff cannot assert the patents against Nanya in its own name. This is a "material alteration of

19   the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642,

20   1646, 194 L. Ed. 2d 707 (2016). Both the Federal Circuit and the Northern District of California

21   have recognized that a dismissal for lack of standing creates a prevailing party that may be

22   awarded fees under 35 U.S.C. 285. *See Advanced Video Techs. LLC v. HTC Corp.*, No. 2016-

23   2309, 2018 WL 357609, at *2 n.3 (Fed. Cir. Jan. 11, 2018) (noting the earlier affirmance of a fee

24   award under 35 U.S.C. 285 after dismissal for lack of standing); *Max Sound Corp.*, 2017 WL

25   4536342, at *5.

26        The issue then becomes whether this case "stands out from others." *Octane Fitness*, 134

27   S.Ct. at 1756. Plaintiff's failure to produce the Patent Transfer Agreement – the critical document

28   on an issue for which Plaintiff bears the burden of proof – for more than a year after it brought

suit indicates the "unreasonable manner in which the case was litigated." *Id*. This is particularly true where this Court recognized the agreement was a "litigation gimmick" making the failure to produce more egregious. Dismissal Order at 11.

This case also presents a situation where the need "to advance considerations of compensation and deterrence" support a finding of exceptionality and an award of fees. *Max Sound Corp.*, 2017 WL 4536342, at *5. Nanya incurred substantial, unnecessary expenses as a result of Plaintiff's failure to timely produce the Patent Transfer Agreement. Even if the delay was the result of an honest mistake on the part of Plaintiff, it is unreasonable to require Nanya to bear the burden of Plaintiff's errors. Equities of compensation support an award of Nanya's expenses.

A fee award is also necessary to deter parties from similar "litigation gimmicks" in the future. As this Court noted at the outset of its Dismissal Order, the Patent Transfer Agreement represented an attempt by a patent owner to reap the monetary benefits of patent litigation without having to risk counterclaims. Dismissal Order at 1. Such gamesmanship of both the court and the patent systems should not be countenanced. In the absence of a fee award, patent owners will be incentivized to see how closely they can skate to the line, knowing that the only consequence when one of their "neat tricks" fails under the law will be the need to slightly revise the transfer agreement and refile the lawsuit. While parties are free to engage in whatever contractual arrangements they choose, when they choose arrangements that seek to manipulate the patent laws they should at least be required to be upfront and open about those arrangements. AMD and Plaintiff's attempt to use patent law as both a sword and a shield justifies a finding of exceptionality and an award of fees.

IV.   Proper Remedy

Rule 37 dictates an award of "reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery obligations. FRCP 37(b)(2)(C). Similarly, one purpose of Section 285 is to compensate a defendant for attorney's fees it should not have been forced to incur. *See Kilopass Technology, Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). In other words, the purpose of the award is to attempt to put Nanya in the position it would have

been in had Plaintiff produced the Patent Transfer Agreement on or before February 21, 2017, as it was required to do by the court's Discovery Order.

The best way to do so is award Nanya its fees and expense for the period February 22, 2017 through October 23, 2017, the period during which Plaintiff was not in compliance with the Discovery Order. This approach is reasonable in that it not only ties the award directly to Plaintiff's delay in producing the agreement, but also reflects the duplicative proceedings that occurred in the Eastern District of Texas prior to this case's transfer to this Court.

Importantly, this period includes the time during which Nanya prepared and filed its requests for inter partes review of the asserted patents, and the Court should award Nanya its fees and costs in preparing those requests. Had the Patent Transfer Agreement been produced in February as required, this litigation would have been dismissed well before the one-year deadline for Nanya to file its requests. Instead, Nanya was forced to incur substantial attorney, expert, and Patent Office fees to file requests on the five asserted patents.[2]

During the period when Plaintiff was not in compliance with the Discovery Order, Nanya incurred $517,115.60 in fees and expenses in connection with the litigation and IPR filings. This amount is highly reasonable given that it includes not only the ongoing litigation but also the preparation and filing of 5 IPR petitions. Indeed, in 2017 an AIPLA survey indicated the median cost to prepare an IPR petition (without filing fees) was $80,000; thus Nanya's request is equivalent to the median cost (with filing fees) of filing the 5 IPRs, but also including the ongoing litigation activities that Nanya was forced to undertaking as a result of Plainiff's delayed production.

V. Conclusion

Because Plaintiff unquestionably delayed in the production of the critical document that lead to the dismissal of this litigation, fairness demands that Plaintiff, not Nanya, should be

---

[2] In considering the totality of the circumstances, the Court can consider that of the five patents asserted by Plaintiff in the Complaint, the Plaintiff chose to withdraw three of those patents when faced with the prospect of attorney's fees if this Court determined those claims should not have been asserted. *See* Dkt. No. 80. Because of Plaintiff's delay, resulting in Nanya's inability to have this case dismissed promptly, Nanya had to prepare and file IPR requests for those three patents that Plaintiff later withdrew.

4822-7411-4397.1

NANYA'S MOTION FOR FEES
3:17-CV-04032-WHA

1  responsible for the resulting costs of that delay. For the foregoing reasons, Nanya respectfully
2  requests an award of $517,115.60 pursuant to Federal Rule of Civil Procedure 37 and/or 35
3  U.S.C. 285.

Dated: February 20, 2018                NIXON PEABODY LLP


                                        By: /s/ Peter J. Wied
                                            Vincent K. Yip
                                            Peter J. Wied
                                            Attorneys for Defendants
                                            Nanya Technology Corporation,
                                            Nanya Technology Corporation U.S.A.,
                                            and Nanya Technology Corporation
                                            Delaware