Jon A. Birmingham (Cal. Bar No. 271034)
jbirmi@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY LLP**
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone:     (818) 715-7025
Facsimile:      (818) 715-7033

Timothy P. Maloney (*admitted pro hac vice*)
tpmalo@fitcheven.com
Joseph F. Marinelli (*admitted pro hac vice*)
jmarinelli@fitcheven.com
David A. Gosse (*admitted pro hac vice*)
dgosse@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY LLP**
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Attorneys for Plaintiff,*
LONE STAR SILICON INNOVATIONS LLC

Vincent K. Yip (CA Bar No. 170665)
Peter J. Wied (CA Bar No. 198475)
**NIXON PEABODY LLP**
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (213) 629-6001
vincent.yip@ltlattorneys.com
peter.wied@ltlattorneys.com

*Attorneys for Defendants*
NANYA TECHNOLOGY CORP., ET AL.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC,<br><br>          Plaintiff,<br><br>v.<br><br>NANYA TECHNOLOGY CORPORATION, ET AL.,<br><br>          Defendants. | Case No.: 3:17-cv-04032-WHA<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        September 12, 2019<br>Time:       11:00 AM<br>Place:      Courtroom 8, 19th Floor<br>Judge:     Hon. William H. Alsup |

Pursuant to the Order Setting Further Management Conference dated August 22, 2019 (Dkt. Entry No. 113, the Parties to the above-titled action, Plaintiff Lone Star Silicon Innovations LLC ("Lone Star") and Defendants Nanya Technology Corporation, Nanya Technology Corporation U.S.A., and Nanya Technology Corporation Delaware (collectively "Nanya"), by and through their counsel of record, hereby jointly submit this supplemental joint case management statement in advance of the further case management conference schedule for September 12, 2019.

## I.  BACKGROUND

### A.  Litigation History

From October 7, 2016 to December 20, 2016, Lone Star filed six separate cases against seven different defendant groups in the U.S. District Court for the Eastern District of Texas seeking damages, injunctive, and other relief.  Those six cases were all transferred to this Court.

Those six cases and their status are listed below:

| Defendant(s) | Case No. | Status |
| --- | --- | --- |
| Toshiba | 3:17-cv-01680-WHA | Dismissed at parties request prior to Fed. Cir. decision (Dkt. Entry No. 67) |
| SMIC | 3:17-cv-03980-WHA | Dismissed at parties request prior to Fed. Cir. decision (Dkt. Entry No. 122) |
| Renesas | 3:17-cv-03981-WHA | Dismissed at parties request prior to Fed. Cir. decision (Dkt. Entry No. 154) |
| Nanya | 3:17-cv-04032-WHA | Remanded by Federal Circuit |
| UMC | 3:17-cv-04033-WHA | Remanded by Federal Circuit |
| Micron | 3:17-cv-05458-WHA | Dismissed at parties request prior to Fed. Cir. decision (Dkt. Entry No. 124) |

**B.     Current Status of IPRs for Patents Asserted Against Nanya**

At the time of the dismissal, discussed below, there were two patents asserted in this litigation against Nanya: U.S. Patent Nos. 6,097,061 ("the '061 patent" - claims 1, 3, 4, 11, 13 and 14); and 6,388,330 ("the '330 patent" - claims 1 and 2).  (See Dkt. Entry No. 80.)  One or more IPRs were filed against each of those patents, as summarized below.

| Patent | IPR Petitioner | IPR Decision | Current Status |
|---|---|---|---|
| 6,097,061 | Micron | Claims 1, 3-6, 11 and 13-16 found unpatentable | On appeal at Fed. Cir. No. 19-1556 (Opening Brief filed June 28, 2019; Opposition Brief filed Aug. 7, 2019; Reply Brief filed Aug. 21, 2019) |
| | Nanya | Claims 1, 3, 4, 11, 13 and 14 found unpatentable | On appeal at Fed. Cir. No. 19-2152 (Opening Brief due October 28, 2019) |
| 6,388,330 | Micron | Claims 1, 2, 5-7 and 10 found unpatentable | On appeal at Fed. Cir. No. 19-1669 (Opening Brief filed July 18, 2019; Opposition Brief due Sep. 11, 2019) |
| | Renesas | Claims 1, 4-6, 9 and 10 found unpatentable; claims 2 and 7 were not found to be unpatentable | On appeal at Fed. Cir. No. 19-1944 (Opening Brief due Sep. 13, 2019) |
| | Nanya | Claims 1, 5, 6 and 10 found unpatentable; claims 2 and 7 were not found to be unpatentable | On appeal at Fed. Cir. Nos. 19-1946, -2030 (Opening Brief due Sep. 13, 2019) |
| | Toshiba | Parties resolved their dispute before final decision | IPR terminated without decision |

**C.     Dismissal and Remand**

The patents-in-suit were originally issued to Advanced Micro Devices, Inc. ("AMD").  An initial case management conference was held on November 9, 2017.  Shortly after the conference, Nanya filed a motion to dismiss alleging that Lone Star lacked standing. (Dkt. Entry No. 65.)  The Court agreed, and dismissed the case on January 20, 2018. (Dkt. Entry No. 93.)

The Federal Circuit vacated the order dismissing the case and remanded "with an instruction that [the district court] consider whether AMD must be joined here. We offer no view, however, on whether AMD must be or even can be joined. Our instruction to the district court is simply that it must consider the question." *Lone Star Silicon Innovations v. Nanya Tech. Corp.*, 925 F.3d 1225, 1239 (Fed. Cir. 2019).

1

**II.     PROSPOSED NEXT STEPS FOLLOWING REMAND**

2

    **A.     Parties' Positions Regarding Joinder of AMD**

3

        **1.     Lone Star's Position Regarding Joinder of AMD**

4     The issue of constitutional standing was addressed by the Federal Circuit.  As stated by the Federal

5 Circuit, "Appellees argue that, because Lone Star is not a patentee and never explicitly alleged that it was

6 an exclusive licensee, it lacks standing to bring suit.  We disagree." *Lone Star*, 925 F.3d at 1234.  The

7 Federal Circuit held that Lone Star has constitutional standing: "although Lone Star does not possess all

8 substantial rights in the asserted patents its allegations still satisfy Article III." *Id.* at 1236.

9     With respect to Lone Star's prudential standing, the Federal Circuit decision states in part:

10     If AMD is the patentee, as the district court correctly concluded, then

11     AMD's joinder would ordinarily be "required." *See Abbott*, 47 F.3d at 1133

12     (citing Rule 19). And since Lone Star agreed that AMD should be joined,

13     assuming it retained substantial rights in the asserted patents, Lone Star

14     essentially conceded that AMD is a necessary party. The district court

15     therefore should have considered whether AMD's joinder was feasible. If

16     so, then AMD must be joined—involuntarily if need be. If not, then the

17     district court should consider whether AMD is indispensable.

18 *Lone Star*, 925 F.3d at 1237-38.

19     Lone Star believes that joinder of AMD is feasible under Fed. R. Civ. P. 19.  AMD is based in this

20 District (Santa Clara), is subject to service of process and personal jurisdiction, venue is proper, and

21 joinder would not deprive the Court of subject matter jurisdiction (which, as a patent matter, is predicated

22 on a federal question).  Thus, Lone Star seeks leave to file an amended complaint adding AMD and to

23 update the patents-in-suit to remove patents and claims no longer being asserted.  AMD has indicated that

24 it will not voluntarily join this case.  Accordingly, Lone Star would seek to initially add AMD as a

25 defendant and will then request that the Court realign AMD as a co-plaintiff pursuant to the "primary

26 purpose" test applied in the Ninth Circuit.  Realignment of AMD as a plaintiff is appropriate because the

27 primary matter in dispute is infringement and validity of the patents-in-suit and Lone Star's request for

28 infringement damages, and the interests of AMD and Lone Star coincide with respect to those matters.

1    Lone Star respectfully requests that it be permitted to demonstrate now that AMD's joinder is
2    feasible and to join AMD.  Nanya has not articulated any legitimate reason why it would not be feasible
3    to join AMD or why such joinder would not cure Lone Star's prudential standing. If, as Nanya suggests,
4    there are open questions regarding the feasibility of joining AMD or whether such joinder would resolve
5    the Lone Star's standing to sue, those issues should be addressed now so that any Court ruling on those
6    issues adverse to Lone Star could be promptly appealed to the Federal Circuit.

7               **2.      Nanya's Position Regarding Joinder of AMD**

8    Nanya believes the issue of whether AMD can or must be added to this should be deferred until
9    after the resolution of the pending appeals of the IPRs, which may render the issue moot. While AMD
10   may be amenable to service of process, there are questions of whether it can be added involuntary, and
11   whether its addition would resolve the standing issue. It would be a waste of both the parties' and the
12   Court's resources to have to brief and decide these issues when all of the asserted claims have been held
13   unpatentable in at least one (and sometimes two or three) IPR proceedings.

14   **B.      Parties' Positions Regarding Stay**

15   The IPR decisions with respect to the two patents-in-suit are on appeal at the Federal Circuit.
16   Given the Court's guidance at the initial case management conference regarding stays in patent cases
17   pending IPR reviews, the parties believe that this case should be stayed.

18   Lone Star believes that the case should be stayed, with a limited exception to permit Lone Star to
19   join AMD and for the Court to resolve any issues relating to the feasibility of joining AMD and/or any
20   contention by Nanya that such joinder does not cure Lone Star's prudential standing.

21   Nanya believes that the case should be stayed immediately. Nanya is not aware of any prejudice
22   that any party would suffer from deferring the issue of adding AMD to the litigation (if it ultimately needs
23   to be addressed). If the Court is inclined to allow Lone Star to add AMD to the litigation at this time,
24   Nanya requests that any response be stayed until after the resolution of the IPR appeals.

25
26
27
28

**III.     Conclusion**

The parties request that the Court stay the case until resolution of the above-referenced appeals. However, prior to the stay, Lone Star requests leave to file an amended complaint to add AMD and resolve any issues Nanya may raise regarding feasibility or standing.  Nanya requests that the case be stayed immediately, without adding AMD.


Date:   September 10, 2019                              /s/ Jon A. Birmingham
                                                        Jon A. Birmingham

                                                        *Counsel for Plaintiff*


                                                        /s/ Peter J. Wied
                                                        Peter J. Wied

                                                        *Counsel for Defendants Nanya Technology Corporation,*
                                                        *Nanya Technology Corporation, USA, and Nanya*
                                                        *Technology Corporation Delaware*

1

## **ATTESTATION**

2          In accordance with Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has

3    been obtained from every other signatory to this document.

4

5                                                    /s/ Jon A. Birmingham
                                                    Jon A. Birmingham
6                                                    *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned certifies that on September 10, 2019, all counsel of record who are deemed to

3

have consented to electronic service are being served with a copy of the above and foregoing document

4

via the Court's CM/ECF system per Civil L.R. 5-1(h)(1). All other counsel of record not deemed to have

5

consented to electronic service will be served with a true and correct copy of the foregoing by email.

6

7

/s/ Jon A. Birmingham

8

Jon A. Birmingham
*Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28