1  Christine S. Yun Sauer, CA Bar No. 314307
   CYunSauer@RobinsKaplan.com
2  **ROBINS KAPLAN LLP**
   2440 West El Camino Real, Suite 100
3  Mountain View, CA 94040
   Telephone:   650 784 4040
4  Facsimile:   650 784 4041

5  Attorneys for Defendant
   Advanced Micro Devices, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  Lone Star Silicon Innovations LLC,          Case No. 3:17-cv-04032-WHA

            Plaintiff,                    **ADVANCED MICRO DEVICES, INC.'S**
13                                        **ANSWER TO FIRST AMENDED**
                                          **COMPLAINT**
14  v.
                                          **DEMAND FOR JURY TRIAL**
15  Nanya Technology Corporation, Nanya
    Technology Corporation, USA, Nanya
16  Technology Corporation Delaware, and
    Advanced Micro Devices, Inc.,
17
            Defendants.
18

19         Defendant  Advanced  Micro  Devices,  Inc.  (AMD)  answers  Plaintiff  Lone  Star  Silicon

20  Innovations  LLC's  First  Amended  Complaint.  AMD  denies  all  allegations  not  specifically

21  admitted.

22         The preamble contains no allegations requiring a response.

23                            **NATURE OF ACTION[1]**

24         1.      AMD states that the allegations in paragraph 1 are legal conclusions requiring no

25  response.  But  to  the  extent  that  paragraph  1  requires  a  response,  AMD  admits  that  the  First

26  Amended Complaint alleges infringement of U.S. Patent Nos. 6,097,061 ("the '061 patent") and

27  ───────────────

28  [1] Headings replicate those in the First Amended Complaint and neither admit nor deny any
    allegations.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

6,388,330 ("the '330 patent) and purportedly arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**THE PARTIES**

2.      Upon information and belief, admitted.

3.      AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

4.      AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

5.      AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

6.      AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

7.      Denied in part. AMD maintains its headquarters at 2485 Augustine Drive, Santa Clara, CA 95054.

8.      AMD states that allegations in paragraph 8 are legal conclusions and arguments requiring no response. But to the extent that paragraph 8 requires a response, AMD admits that it entered into a Patent Transfer Agreement with Plaintiff on August 4, 2016. AMD admits that the parties amended that agreement on November 23, 2016. The Patent Transfer Agreement and its amendment speak for themselves. AMD admits that U.S. Patent Nos. 6,097,061 and 6,388,330 are identified as "Assigned Patents" under that agreement. Otherwise denied.

9.      AMD states that allegations in paragraph 9 are legal conclusions and arguments requiring no response. But to the extent that paragraph 9 requires a response, AMD admits that AMD declined to join this lawsuit as a voluntary plaintiff. Otherwise denied.

10.     AMD states that the allegations in paragraph 10 are legal conclusions and arguments requiring no response.

**JURISDICTION AND VENUE**

11.      Upon information and belief, admitted.

12.     AMD lacks information sufficient to ascertain the truth of the allegations and

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    therefore denies them.

2    13.    AMD lacks information sufficient to ascertain the truth of the allegations and

3    therefore denies them.

4    14.    Admitted that the United States District Court for the Northern District of California

5    may exercise personal jurisdiction over AMD.

6    15.    AMD states that allegations in paragraph 15 are legal conclusions requiring no

7    response. AMD lacks information sufficient to ascertain the truth of the remaining allegations and

8    therefore denies them.

9    **THE PATENTS IN SUIT**

10    16.    Based on publicly available records, admitted. AMD clarifies that, based on Exhibit

11    2 to the First Amended Complaint, the '061 patent issued from an application filed March 30, 1998

12    (not "December March 30, 1998").

13    17.    AMD states that allegations in paragraph 17 are legal conclusions requiring no

14    response. But to the extent that paragraph 17 requires a response, AMD admits that an assignment

15    recorded on March 30, 1998, at Reel/Frame 009083/0052, for the '061 patent identifies the named

16    inventors as assignors and AMD as assignee. AMD further admits that an assignment recorded on

17    August 5, 2016, at Reel/Frame 039597/0957, for the '061 patent identifies AMD as assignor and

18    Plaintiff as assignee. AMD further admits that the recorded assignment states that AMD assigned

19    "all of [its] entire right, title and interest in and to" the '061 patent and all rights "in and to causes

20    of action and enforcement rights" and "all rights to pursue damages, injunctive relief and other

21    remedies for past, present and future infringement of" the '061 patent. AMD states that the Patent

22    Transfer Agreement speaks for itself. Otherwise denied.

23    18.    Based on publicly available records, admitted.

24    19.    Based on publicly available records, admitted.

25    20.    AMD states that allegations in paragraph 20 are legal conclusions requiring no

26    response. But to the extent that paragraph 20 requires a response, AMD admits that an assignment

27    recorded on February 2, 2001, at Reel/Frame 011530/0755, for the '330 patent identifies the named

28    inventors as assignors and AMD as assignee. AMD further admits that an assignment recorded on

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

August 5, 2016, at Reel/Frame 039597/0957, for the '330 patent identifies AMD as assignor and Plaintiff as assignee. AMD further admits that the recorded assignment states that AMD assigned "all of [its] entire right, title and interest in and to" the '330 patent and all rights "in and to causes of action and enforcement rights" and "all rights to pursue damages, injunctive relief and other remedies for past, present and future infringement of" the '330 patent. AMD states that the Patent Transfer Agreement speaks for itself. Otherwise denied.

21.     Based on publicly available records, admitted.

**LONE STAR'S STANDING TO BRING THIS LAWSUIT**

22.     AMD states that the allegations in paragraph 22 are legal conclusions and arguments requiring no response.

23.     AMD admits that the Patent Transfer Agreement identifies the '061 patent and the '330 patent as "Listed Patents" and "Assigned Patents." AMD admits that the Patent Transfer Agreement provides that "[t]o AMD's Knowledge, AMD or one of its Affiliates has been assigned good and marketable title to each Listed Patent it is assigning hereunder, including all rights, title, and interest in each such Listed Patent and the right to sue for past, present and future infringement thereof," and that "AMD or one of its Affiliates is the original assignee of the Listed Patents." Patent Transfer Agreement, § 6.1(b)(i), (ii). AMD admits that the Patent Transfer Agreement provides that "AMD shall, and hereby does, assign to Lone Star, and Lone Star hereby acquires and accepts from AMD all right, title and interest in, to and under the Assigned Patents on an '**AS IS**' basis, subject to section 6.1(b)(vii), including . . . any and all legal rights entitled by the original owner of the Assigned Patents and all rights of AMD to sue for past, present and future infringement of any and all of the Assigned Patents, to collect royalties under such Assigned Patents, to prosecute all existing Assigned Patents worldwide, to apply for additional Assigned Patents worldwide and to have Assigned Patents issue in the name of Lone Star." *Id.* § 2.1. AMD admits that the Patent Transfer Agreement provides that "AMD shall, and hereby does, assign to Lone Star, and Lone Star hereby acquires and accepts from AMD all right, title and interest in, to and under all causes of action and enforcement rights, whether known, unknown, currently pending, filed, or otherwise, for the Assigned Patents, including all rights to pursue damages, injunctive relief and other

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

remedies for past, current and future infringement of the Assigned Patents." *Id.* § 2.2. AMD further states that the Patent Transfer Agreement speaks for itself. Otherwise denied.

24.    AMD admits that the Patent Transfer Agreement provides for "Contingent Payments" to AMD based on "Proceeds received on a given date." Patent Transfer Agreement, § 5.1. Otherwise denied.

25.    AMD states that section 4.1 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

26.    AMD states that section 1 of the Patent Transfer Agreement, in particular, the definition of "Existing Encumbrances," and section 2.3 of the Patent Transfer Agreement speak for themselves. Otherwise denied.

27.    AMD admits that the Patent Transfer Agreement defines "Unlicensed Third Party Entities" as "a Person (or an Affiliate thereof) which is not authorized or otherwise granted any rights (other than potentially by an implied license running with a Grantee's Licensed Products) by AMD to the Assigned Patents to use, develop, copy, modify, import, make and have made, offer for sale, sell, lease, import, export, distribute, demonstrate, display, transfer and/or otherwise exploit or dispose of a product or service by the Unlicensed Third Party Entity." AMD admits that the Patent Transfer Agreement provides that "[t]o AMD's knowledge, none of the Unlicensed Third Party Entities have been granted any rights (other than potentially through agreements referenced in Exhibit E, an implied license or through AMD's or its Affiliates' standardization activities . . . and other pre-existing specification-related or Standards-related licenses, covenants and promises of AMD or any of its Affiliates) by AMD or its Affiliates to the Assigned Patents." Patent Transfer Agreement, § 6.1(b)(vii). AMD admits that Nanya Technology Corporation appears on the list of "Unlicensed Third Party Entities" in Exhibit E to the Patent Transfer Agreement. *Id.*, Exhibit E. Otherwise denied.

28.    AMD states that section 3.4 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

29.    AMD states that section 2.6 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

AMD'S ANSWER TO
FIRST AMENDED COMPLAINT
CASE NO. 3:17-CV-04032-WHA

30.     AMD states that allegations in paragraph 30 are legal conclusions and arguments requiring no response.

**THE NANYA DEFENDANTS' INFRINGING PRODUCTS AND METHODS**

31.     AMD lacks information sufficient to ascertain the truth of the allegations.

**FIRST CAUSE OF ACTION—INFRINGEMENT OF THE '061 PATENT**

32.     AMD repeats and incorporates its responses to paragraphs 1-31.

33.     AMD lacks information sufficient to ascertain the truth of the allegations.

34.     AMD lacks information sufficient to ascertain the truth of the allegations.

35.     AMD lacks information sufficient to ascertain the truth of the allegations.

36.     AMD lacks information sufficient to ascertain the truth of the allegations.

37.     AMD lacks information sufficient to ascertain the truth of the allegations.

38.     AMD lacks information sufficient to ascertain the truth of the allegations.

39.     AMD lacks information sufficient to ascertain the truth of the allegations.

40.     AMD lacks information sufficient to ascertain the truth of the allegations.

41.     AMD lacks information sufficient to ascertain the truth of the allegations.

42.     AMD lacks information sufficient to ascertain the truth of the allegations.

43.     AMD lacks information sufficient to ascertain the truth of the allegations.

44.     AMD states that allegations in paragraph 44 are legal conclusions requiring no response. But to the extent that paragraph 44 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

45.     AMD states that allegations in paragraph 45 are legal conclusions requiring no response. But to the extent that paragraph 45 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

**SECOND CAUSE OF ACTION—INFRINGEMENT OF THE '330 PATENT**

46.     AMD repeats and incorporates its responses to paragraphs 1-31.

47.     AMD lacks information sufficient to ascertain the truth of the allegations.

48.     AMD lacks information sufficient to ascertain the truth of the allegations.

49.     AMD lacks information sufficient to ascertain the truth of the allegations.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

AMD'S ANSWER TO
FIRST AMENDED COMPLAINT
CASE NO. 3:17-CV-04032-WHA

50.     AMD lacks information sufficient to ascertain the truth of the allegations.

51.     AMD lacks information sufficient to ascertain the truth of the allegations.

52.     AMD lacks information sufficient to ascertain the truth of the allegations.

53.     AMD lacks information sufficient to ascertain the truth of the allegations.

54.     AMD lacks information sufficient to ascertain the truth of the allegations.

55.     AMD lacks information sufficient to ascertain the truth of the allegations.

56.     AMD lacks information sufficient to ascertain the truth of the allegations.

57.     AMD lacks information sufficient to ascertain the truth of the allegations.

58.     AMD states that allegations in paragraph 58 are legal conclusions requiring no response. But to the extent that paragraph 58 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

59.     AMD states that allegations in paragraph 59 are legal conclusions requiring no response. But to the extent that paragraph 59 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

**PRAYER FOR RELIEF**

AMD lacks information sufficient to determine whether Plaintiff is entitled to the relief it seeks.

DATED: November 8, 2019                **ROBINS KAPLAN LLP**

By: s/ Christine S. Yun Sauer
Christine S. Yun Sauer, CA Bar No. 314307
CYunSauer@RobinsKaplan.com
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone:    650 784 4040
Facsimile:    650 784 4041

**ATTORNEYS FOR DEFENDANT
ADVANCED MICRO DEVICES, INC.**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

AMD'S ANSWER TO
FIRST AMENDED COMPLAINT
CASE NO. 3:17-CV-04032-WHA