Vincent K. Yip (SBN 170665)
vyip@nixonpeabody.com
Peter J. Wied (SBN 198475)
pwied@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel:  213-629-6000
Fax:  213-629-6001

Attorneys for Defendants
NANYA TECHNOLOGY CORPORATION, NANYA
TECHNOLOGY CORPORATION, USA, and
NANYA TECHNOLOGY CORPORATION
DELAWARE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, USA, and NANYA TECHNOLOGY CORPORATION DELAWARE,<br><br>Defendants. | Case No. 3:17-cv-04032-WHA<br><br>Assigned to the Hon. William H. Alsup<br><br>**NANYA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      December 19, 2019<br>Time:      8:00 a.m.<br>Dept:      Courtroom 12<br>Judge:     Hon. William H. Alsup |

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

I.      INTRODUCTION ............................................................................................ 1
II.     FACTUAL BACKGROUND............................................................................ 1
III.    LEGAL STANDARD....................................................................................... 2
IV.     PLAINTIFF IS NOT AN EXCLUSIVE LICENSEE ............................................. 3
V.      AMD CANNOT BE INVOLUNTARILY JOINED............................................ 4
VI.     PLAINTIFF AMENDED ITS COMPLAINT
        BEYOND THE COURT'S ORDER .................................................................... 5
VII.    CONCLUSION................................................................................................ 6

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Independent Wireless Telegraph Co. v. Radio Corp. of America*,
    269 U.S. 459 (1926) ........................................................................................................5

*Lexmark International, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ........................................................................................................2

*Lone Star Silicon Innovations LLC v. Nanya Technology Corp. et al.*,
    925 F.3d 1225 (Fed. Cir. 2019) ................................................................................2, 3, 4

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007) .......................................................................................3

*Rite-Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed. Cir. 1995) (*en banc*) .........................................................................3

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005) .........................................................................................3

*STC.UNM v. Intel Corp.*,
    754 F.3d 940 (Fed. Cir. 2014) .....................................................................................4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................1, 2

Federal Rule of Civil Procedure 19(a)(2) ....................................................................................4

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Nanya Technology Corporation; Nanya Technology Corporation, USA, and Nanya Technology Corporation Delaware ("Defendant" or "Nanya") hereby moves this Court for an Order dismissing this case because Plaintiff Lone Star Silicon Innovations LLC ("Lone Star") has failed to state a claim in its First Amended Complaint ("FAC") on which relief can be granted. This motion is made on the grounds that Lone Star is not an exclusive licensee, such that it cannot sue or even participate alongside a patent owner as a party to an infringement action, and that Advanced Micro Devices ("AMD") as patent owner cannot be joined involuntarily, and thus the standing defect previously identified by this Court and affirmed by the Federal Circuit cannot be corrected. This Motion is noticed for hearing if necessary on Thursday, December 19, 2019 at 8:00 a.m. in Courtroom 12, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA before the Hon. William H. Alsup.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This Court previously dismissed this case because Lone Star's "litigation gimmick" failed to secure it all substantial rights in the patents it was asserting, and thus it could not bring suit in its own name. Rather than correct this defect with a straightforward assignment of the patents, Lone Star tries to force AMD into the suit to cure its standing problem. This latest attempt still fails to meet the requirements of the case law, and therefore the case should once again be dismissed.

**II.      FACTUAL BACKGROUND**

The First Amended Complaint concerns two patents, U.S. Patent Nos. 6,097,061 and 6,388,330 (collectively the "patents-in-suit"), which were originally issued to AMD. FAC ¶¶ 1, 8. In August 2016, in an apparent attempt to insulate itself from counterclaims by outsourcing its litigation against competitors to a non-practicing entity, AMD entered into an agreement that purportedly transferred the patents-in-suit to Lone Star (the "AMD Agreement"). FAC ¶ 8, Ex. 1.

DEFENDANTS' MOTION TO DISMISS,
CASE NO.  3:17-CV-4032-WHA

In October 2016, Lone Star filed suit against Nanya and five other defendant groups in the U.S. District Court for the Eastern District of Texas, alleging it was the "sole owner" of the patents-in-suit. *See* Dkt. No. 1, ¶¶ 12, 15. Those six cases (all but two of which have since been dismissed) were transferred to this Court. *See* Dkt. No. 30. On November 7, 2017, Nanya filed a motion to dismiss under on the grounds that Lone Star lacked standing to sue in its own name because it had not received all substantial rights to the patents-in-suit under the AMD Agreement. Dkt. No. 65. This Court agreed, and dismissed the case against Nanya and the other defendants on January 20, 2018. Dkt. No. 93.  Lone Star appealed.

On May 30, 2019, the Federal Circuit affirmed that AMD retained substantial rights in the asserted patents and therefore Lone Star lacked standing to bring suit in its own name.  *Lone Star Silicon Innovations LLC v. Nanya Technology Corp. et al.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) (the "Federal Circuit Decision"). The Federal Circuit clarified, however, that even though Lone Star lacked all substantial rights in the patents-in-suit, it should be given an opportunity to join AMD as a necessary party. *Id*. at 1236. Accordingly, the Federal Circuit vacated the order dismissing the case and remanded with an instruction to this Court to "consider whether AMD must be joined here." *Id*. at 1239. The Federal Circuit "offer[ed] no view, however, on whether AMD must or even can be joined." *Id*. at 1239.

After the Federal Circuit remand, this Court held a Further Case Management Conference on September 12, 2019. In its September 12, 2019 Order Following Further Case Management Conference (the "CMC Order"), this Court directed that "plaintiff shall file an amended complaint to add [AMD] (and nothing else)." *See* Dkt. No. 115. On September 19, 2019, Lone Star filed the First Amended Complaint. Dkt. No. 117.

## III.    **LEGAL STANDARD**

The Federal Circuit Decision clarified that the issue of standing for purposes of patent infringement claims is not jurisdictional, but rather is properly analyzed under Rule 12(b)(6), *i.e.*, whether the plaintiff has stated a cause of action as a party entitled to relief under the patent statute. *See Lone Star*, 925 F.3d at 1235-36 (citing *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (referring to "prudential standing" as a

DEFENDANTS' MOTION TO DISMISS,
CASE NO.  3:17-CV-4032-WHA

"misnomer" and explaining the appropriate question is whether the statute extends to the specific plaintiff such that the plaintiff can state a cause of action)). "The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 976 (Fed. Cir. 2005).

"There are three general categories of plaintiffs encountered when analyzing the constitutional standing issue in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). The first category consists of patentees or assignee that hold all legal rights in the patent. *Id.* The second category consists of exclusive licensees, namely those who have not only received the right to practice the invention, but also and express or implied promise that others will be excluded from practicing the invention. *See Rite-Hite Corp. v. Kelley Co*., 56 F.3d 1538, 1552 (Fed. Cir. 1995) (*en banc*). The third category includes nonexclusive licensees, who may not even be co-plaintiff's in a suit with the patent owner. *See Sicom*, 427 F.3d at 976.

"To be an exclusive licensee for standing purposes, a party must have received, not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory as well." *Rite-Hite*, 56 F.3d at 1552.

## IV.   PLAINTIFF IS NOT AN EXCLUSIVE LICENSEE

*Rite-Hite* requires that Lone Star show two things in order to be considered an exclusive licensee: 1) that it received the right to practice the invention; and 2) that it received a promise from AMD that others shall be excluded from practicing the invention. It fails on both counts.

This Court previously held that the AMD Agreement "did not grant Lone Star any practicing rights." *See* Dkt. No. 93 at 7. This holding was not disturbed by the Federal Circuit Decision and remains the law of the case. Thus, Lone Star fails the first prong of the *Rite-Hite* test.

Turning to the second prong, Lone Star does not allege, nor could it plausibly do so, that AMD promised that others shall be excluded from practicing the patents. As to parties not

explicitly identified as Unlicensed Third Party Entities in the AMD Agreement, it is AMD, not Lone Star, that determines whether those parties can practice the patents. *See Lone Star*, 925 F.3d at 1232. Thus, Lone Star has received no promise that parties not listed in the AMD Agreement will be excluded from practicing the invention.

Even with respect to the Unlicensed Third Party Entities identified in the AMD Agreement, Lone Star does not point to any promise by AMD not to grant a license to those parties. The AMD Agreement simply warrants that those entities have not been granted a license *in the past*. *See* FAC Ex. 1 §6.1(b)(vii). Moreover, the only remedy in the event of a breach of this warranty is that AMD will transfer a "Replacement Patent" to Lone Star. *See* FAC Ex. 1 §6.3(a). Thus, even if the warranty regarding past licenses were interpreted to be an implied agreement not to license those companies in the future, AMD could still do so simply by providing Lone Star with a different patent.

In short, Lone Star cannot meet the requirements necessary to be deemed an exclusive licensee, and therefore does not have standing to bring suit even with AMD as a party to the case.

## V.    AMD CANNOT BE INVOLUNTARILY JOINED

Because the AMD Agreement did not, in fact, transfer all substantial rights to Lone Star, AMD is still the owner of the patents-in-suit. *See Lone Star*, 925 F.3d at 1237 (noting "AMD is the patentee"). Lone Star admits that AMD has refused to voluntarily join this lawsuit. *See* FAC ¶9. Although Lone Star alleges that Federal Rule of Civil Procedure 19(a)(2) permits joining AMD involuntarily, *see* FAC ¶10, the Federal Circuit has held that patent owners can be added involuntarily only in limited circumstances, which are not present here.

In *STC.UNM v. Intel Corp.*, 754 F.3d 940 (Fed. Cir. 2014), the Federal Circuit held that there were only two recognized scenarios "that will overcome [the] rule against involuntary joinder of a patent owner or coowner in particular instances." *Id*. at 946. The second, where "by agreement, a co-owner waives his right to refuse to join suit" clearly does not apply here. *Id*. The first, where a patent owner "has granted an exclusive license, he stands in a relationship of trust to his licensee" also does not apply. *Id*.

What these two exceptions have in common, as the Court in *STC.UNM* noted, is "an absent co-owner who has in some way affirmatively given up its substantive right to refuse to join the suit." *Id*. In the case of an exclusive licensee, this principle traces back to the Supreme Court's decision in *Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459 (1926) where the Court held that a patent owner "holds the title to the patent in trust" for an exclusive licensee. *Id*. at 469. The Supreme Court noted that such exclusive licenses would frequently contain express covenants allowing the exclusive licensee to sue in the patent owner's name, but that in the absence of such an express agreement, consent on the part of the patent owner would be implied. *Id*.

As explained above, Lone Star is not an exclusive licensee, and thus *Independent Wireless* does not apply. Moreover, it can hardly be said that the agreement between AMD and Lone Star evinces an implicit agreement on the part of AMD to join litigation brought by Lone Star. On the contrary, as this Court found, the entire purpose of the agreement was an attempt to shield AMD from being part of the litigation and having to face counterclaims from the defendants. *See* Dkt. No. 93 at 1. This case does not meet the requirement of an affirmative surrender of the right to refuse to join the suit recognized by *STC.UNM*, and AMD cannot be involuntarily joined.

Because Lone Star does not have standing to sue without AMD, and because AMD cannot be involuntarily joined, the suit should be dismissed.

## VI.   PLAINTIFF AMENDED ITS COMPLAINT BEYOND THE COURT'S ORDER

In granting leave to amend Plaintiff's complaint, this Court directed that "plaintiff shall file an amended complaint to add Advanced Micro Devices, Inc. ("AMD") (*and nothing else*)." Dkt. No. 115 (emphasis added).  Despite the clearly limited scope of leave granted to Plaintiff, Lone Star used the FAC to alter its allegations regarding the '330 Patent, dropping one of the asserted claims of the '330 Patent. *Compare* FAC ¶47 (asserting claim 2) *with* Dkt. No. 67 (asserting claims 1 and 2). While it may seem odd for a defendant to complain about an asserted claim being dropped, Lone Star's attempt to do so *sub silencio* is prejudicial to Nanya and should be rejected.

DEFENDANTS' MOTION TO DISMISS,
CASE NO.  3:17-CV-4032-WHA

To understand how the change in allegations is prejudicial to Nanya (beyond being done without the Court's authorization), it is important to recall the framework that this Court established for handling this (and the related) case. After an Initial Case Management Conference on November 9, 2017, the Court issued a Case Management Order. Dkt No. 67. That order set a deadline of December 15, 2017, for the Plaintiff to voluntarily withdraw any asserted claims. *See id.* at 1. That deadline was included because the Case Management Order also provided that each side was to select one asserted claim for early summary judgment. *See id.* at 4-5. The Court indicated that the "outcome of this exchange may (or may not) warrant an injunction or sanctions, depending on which side prevails." *Id*. at 4. Thus, Plaintiff was given an opportunity to voluntarily withdraw asserted claims – presumably those Plaintiff felt might be vulnerable to such an early summary judgment motion.

On December 15, 2017, Plaintiff filed its Notice of Voluntary Withdrawal of Certain Asserted Claims, in which it withdrew its assertions regarding three of the five patents entirely, and four of the six asserted claims of the '330 Patent. *See* Dkt No. 80. Lone Star affirmatively stated that it continued to assert infringement of both claims 1 and 2 of the '330 Patent. *Id.*

Nonetheless, in the First Amended Complaint, Lone Star asserts infringement of only claim 2 of the '330 Patent. FAC ¶47. Presumably, it does so because claim 1 of the '330 Patent was held invalid in 3 separate IPR proceedings, and Lone Star has elected not to appeal that holding. But Lone Star should not be allowed to avoid this Court's consideration of what was the equivalent of a successful summary judgment motion of invalidity by slipping in a change in violation of the Court's prior Case Management Order and a limited grant of leave to file an amended complaint. This provides an additional reason for the Court to dismiss this case.

## VII.   **CONCLUSION**

Because Lone Star cannot establish it has standing as a co-plaintiff with AMD, cannot add AMD as a co-plaintiff involuntarily, and filed a First Amended Complaint that does not comply with the Court's Order, Nanya respectfully requests that this case be dismissed.

- 6 -

1   Dated: November 8, 2019                              NIXON PEABODY LLP

2

3                                                        By: /s/ Peter J. Wied

4                                                        Peter J. Wied
                                                         Attorneys for Defendants
5                                                        NANYA TECHNOLOGY
                                                         CORPORATION, NANYA
6                                                        TECHNOLOGY CORPORATION, USA,
                                                         and NANYA TECHNOLOGY
7                                                        CORPORATION DELAWARE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS,
                                                     CASE NO.  3:17-CV-4032-WHA

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 8, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the above and foregoing document via the Court's CM/ECF system per Civil L.R. 5-1(h)(1).  All other counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email.

/s/ Peter J. Wied
Peter J. Wied
*Attorneys for Defendants*

- 8 -

DEFENDANTS' MOTION TO DISMISS,
CASE NO.  3:17-CV-4032-WHA