UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONE STAR SILICON INNOVATIONS LLC,

    Plaintiff,

v.

NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, USA, and NANYA TECHNOLOGY CORPORATION DELAWARE,

    Defendants.

No. C 17-04032 WHA

**ORDER DENYING MOTION TO DISMISS**

**INTRODUCTION**

In this patent infringement action, defendants move to dismiss under Rule 12(b)(6) for lack of standing and excessive amendment. For the following reasons, the motion to dismiss is **DENIED**.

**STATEMENT**

The facts alleged in Lone Star's first amended complaint are the same as those the court of appeals relied on in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019). In 2016, Advanced Micro Devices, Inc. ("AMD"), a multinational semiconductor company based in Santa Clara "transferred" patents to plaintiff Lone Star Silicon Innovations LLC ("Lone Star"), a nonpracticing entity with its principal place of business in Texas. The "patent transfer agreement" gave certain rights in United States Patent

Nos. 6,097,061 ("the '061 patent") and 6,388,330 ("the '330 patent") to Lone Star, namely, "all right, title and interest in, to and under the Assigned Patents . . . including any and all inventions and discoveries claimed therein, any and all legal rights entitled by the original owner of the Assigned Patents and all rights of AMD to sue for past, present and future infringement of any and all of the Assigned Patents." In exchange, AMD would get 35 to 50 percent of the proceeds from Lone Star's "monetization efforts." *In re Lone Star Silicon Innovations LLC*, 2018 WL 500258, at *1 (N.D. Cal. Jan. 20, 2018).

Lone Star then asserted the two patents-in-suit against defendants, who moved to dismiss, arguing that Lone Star lacked standing. The January 2018 order noted three categories of plaintiffs in patent infringement actions. *First*, a patentee or assignee of "all legal rights" or "all substantial rights" under the patent can sue alone, in its own name. *Second*, an exclusive licensee or other party with exclusionary rights, but not "all substantial rights," can sue, but only along with the patent owner. *Third*, a party that holds "less than all substantial rights to the patent" and lacks exclusionary rights cannot sue or even participate alongside the patent owner as a party to an infringement action. *Id*. at *2 (citations omitted).

Lone Star argued that it had standing under the first category, since the transfer agreement vested it with "all right, title and interest in, to and under the Assigned Patents." But, the transfer agreement restricted Lone Star's rights in important ways. Notably, Section 6.2(f) limited Lone Star's ability to enforce the patents-in-suit to specific "Unlicensed Third Party Entities," and AMD retained the power to neutralize Lone Star's enforcement actions by sublicensing any of Lone Star's or AMD's potential targets. Section 2.6 further restricted Lone Star's transfer of any rights without AMD's "written consent." Thus, this Court granted defendants' motion to dismiss for lack of standing. *Id*. at *1–2 (citations omitted).

On appeal, the court of appeals agreed that Lone Star lacked "all substantial rights" in the patents-in-suit but nevertheless vacated and remanded the action, holding that Lone Star appeared to fall in the second category because it had "adequately alleged" possession of infringed rights, and had standing to sue even if it could not proceed alone. So, the court

of appeals held, Lone Star must be given an opportunity to join AMD as a necessary party. *Lone Star*, 925 F.3d at 1234, 1236. On remand, a September 2019 order gave Lone Star leave to amend solely to add AMD (Dkt. No. 115). Lone Star then filed its amended complaint, reasserting the two patents-in-suit, alleging that Lone Star is AMD's "exclusive licensee" and thus has standing under the second category, so long as it joins AMD (Amd. Compl. ¶ 30). The amended complaint also dropped a claim under the '330 patent. Lone Star served and named AMD as a defendant, and in its answer, AMD admitted it has "declined to join this lawsuit as a voluntary plaintiff" (Ans. at ¶ 8). Still, the amended complaint alleges that AMD should be joined under Rule 19(a)(2). Defendants move to dismiss again, arguing that (1) Lone Star does not have standing under the second category; (2) AMD cannot be involuntarily joined under Rule 19(a)(2); and (3) Lone Star improperly dropped a '330 claim. This order follows full briefing and oral argument.

**ANALYSIS**

The court of appeals recognized three general categories of plaintiffs in patent infringement actions:

> First, a patentee, *i.e.*, one with "all rights or all substantial rights" in a patent, can sue in its own name. Second, a licensee with "exclusionary rights" can sue along with the patentee. And, finally, a licensee who lacks exclusionary rights has no authority to assert a patent (even along with the patentee).

*Lone Star*, 925 F.3d at 1228 (internal citations omitted). The parties agree that Lone Star does not possess "all rights or all substantial rights" in the patents-in-suit, rendering the first category inapplicable. Defendants dispute Lone Star's allegation that it falls under the second category, however.

In the immediate action, we are dealing with the same patent transfer agreement that the court of appeals considered in *Lone Star*. The court of appeals decided that this patent transfer agreement transferred enough rights to qualify under the second category, provided that AMD could be made a party under Rule 19. *Id*. at 1235–36. AMD has been served and has answered and is thus a party.

3

There is one problem, however. When Lone Star filed its amended complaint, it named and served AMD as a defendant, rather than a co-plaintiff (Dkt. No. 119). In its answer, AMD admitted that it "declined to join this lawsuit as a voluntary plaintiff" (Ans. at ¶ 8). But, for Lone Star to have standing to assert the patents-in-suit, AMD must be a co-plaintiff.

Courts in the Ninth Circuit are not bound by the "complaint's alignment of the parties" but instead "have broad authority to look beyond the pleadings, and arrange — or realign — the parties according to their sides in the dispute." *Scotts Co. Ltd. Liab. Co. v. Seeds, Inc.*, 688 F.3d 1154, 1156–57 (9th Cir. 2012) (internal quotations and citations omitted). Moreover, the Supreme Court has expressly instructed that "if the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as co-plaintiff, the licensee may make him a party defendant by process and he will be lined up by the court in the party character which he should assume." *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926). The court of appeals in his case already held that Lone Star is an exclusive licensee. AMD declined to be joined voluntarily. Thus, it must be "lined up" as an involuntary co-plaintiff alongside Lone Star.

AMD, no doubt, is trying to immunize itself from any sanctions should they be awarded against the patent owner in this case. But AMD is the one who put this project in motion and will now proceed at its peril for having done so, if sanctions are ever warranted.

Finally, defendants argue that Lone Star improperly amended its complaint, which was supposed to be limited only to adding AMD, to drop one of the asserted claims of the '330 patent. But as Lone Star clarifies in its opposition, the dropped claim has been held unpatentable by the United States Patent Trial & Appeals Board (Opp. 14). Yes, the amended complaint went a tad beyond what the order allowed, but this further amendment will be allowed. (Had the claim been retained, defendants would have howled the other way).

4

**CONCLUSION**

For the reasons stated above, the motion to dismiss is **DENIED**. AMD is **REALIGNED** as a co-plaintiff.

**IT IS SO ORDERED.**

Dated: February 3, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE