Vincent K. Yip (Cal. Bar No. 170665)
vyip@nixonpeabody.com
Peter J. Wied (Cal. Bar No. 198475)
pwied@nixonpeabody.com
Ryan C. C. Duckett (Cal. Bar No. 288750)
rduckett@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendants NANYA
TECHNOLOGY CORPORATION, NANYA
TECHNOLOGY CORPORATION, U.S.A.,
NANYA TECHNOLOGY CORPORATION
DELAWARE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC; and ADVANCED MICRO DEVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., and NANYA TECHNOLOGY CORPORATION DELAWARE, <br><br> Defendants. | Case No. 3:17-cv-04032-WHA <br><br> **DEFENDANTS NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., NANYA TECHNOLOGY CORPORATION DELAWARE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO</u>

## <u>PLAINTIFFS' FIRST AMENDED COMPLAINT FOR</u>

## <u>PATENT INFRINGEMENT</u>

Defendants Nanya Technology Corporation, Nanya Technology Corporation, U.S.A., and Nanya Technology Corporation Delaware (collectively, "Nanya" or "Defendants"), by and through their attorneys, hereby respond to Plaintiffs Lone Star Silicon Innovations LLC's ("Lone Star") and Advanced Micro Devices, Inc. ("AMD") (collectively "Plaintiffs") First Amended Complaint [Dkt. 117] as follows:

## NATURE OF ACTION

1.     Nanya admits that Lone Star purports to bring this action for infringement of United States Patent Nos. 6,097,061, and 6,388,330 (collectively, the "Patents in Suit") under the patent laws of the United States, 35 U.S.C. § 1, et seq., but denies that such action has any merit.

## THE PARTIES

2.     Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.     Nanya admits that Nanya Technology Corporation ("Nanya Technology") is a corporation incorporated under the laws of Taiwan with its principal place of business at No. 98, Nanlin Road., Taishan District, New Taipei City 243, Taiwan. Except as expressly admitted, Nanya denies the remaining allegations of Paragraph 3.

4.     Nanya admits that Nanya Technology Corporation, U.S.A. ("Nanya USA") is a corporation organized under the laws of the State of California with its principal place of business at 1735 Technology Dr., Suite 400, San Jose, California 95110.  Nanya further admits that Nanya USA is a wholly-owned subsidiary of Nanya Technology. Except as expressly admitted, Nanya denies the remaining allegations of Paragraph 4.

5.     Nanya admits that Nanya Technology Corporation Delaware ("Nanya Delaware") is a corporation organized under the laws of the State of Delaware with

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

its principal place of business at 20 Winter Sports Lane, Suite 105, Williston, Vermont 05945. Nanya further admits that Nanya Delaware's registered agent for service of process in the State of Texas is Business Filings Incorporated, located at 701 Brazos Street, Suite 720, Austin, Texas 78701. Nanya Delaware further admits that that it is a wholly-owned subsidiary of Nanya Technology. Except as expressly admitted, Nanya Delaware denies the remaining allegations of Paragraph 5.

6.      Nanya admits that Nanya USA and Nanya Delaware are wholly-owned subsidiaries of Nanya Technology. The allegations in Paragraph 6 otherwise call for a legal conclusion and therefore require no response. To the extent that Paragraph 6 contains any other allegations requiring a response, they are denied.

7.      Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.      Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 with respect to transferring rights and the alleged "Patent Transfer Agreement" and therefore denies them. All remaining allegations are denied.

9.      The allegations in Paragraph 9 call for a legal conclusion and therefore require no response. To the extent that Paragraph 9 contains any other allegations requiring a response, they are denied.

10.     The allegations in Paragraph 10 call for a legal conclusion and therefore require no response. To the extent that Paragraph 10 contains any other allegations requiring a response, they are denied.

## JURISDICTION AND VENUE

11.     Nanya admits the allegations in Paragraph 11.

12.     Nanya admits this Court has jurisdiction on the basis that Nanya requested to transfer to the Northern District of California. Nanya denies the remaining allegations of Paragraph 12.

13.     Nanya lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies them.

14.     Nanya lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15.     Nanya admits this Court has venue on the basis that Nanya requested to transfer to the Northern District of California. Nanya denies the remaining allegations of Paragraph 12.

## THE PATENTS IN SUIT

16.     Nanya admits that what purports to be a copy of U.S. Patent No. 6,097,061 ("the '061 patent") is attached as Exhibit 2 to the First Amended Complaint. Nanya further admits that the '061 patent is entitled "Trenched Gate Metal Oxide Semiconductor Device and Method" and lists on its face: an issue date of August 1, 2000, and that the '061 patent matured from Application No. 09/052,051, filed on March 30, 1998.  Except as expressly admitted, Nanya lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies them.

17.     Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Nanya admits the allegations in Paragraph 18.

19.     Nanya admits that what purports to be a copy of U.S. Patent No. 6,388,330 ("the '330 patent") is attached as Exhibit 3 to the First Amended Complaint.  Nanya further admits that the '330 patent is entitled "Low Dielectric Constant Etch Stop Layers in Integrated Circuit Interconnects" and lists on its face: an issue date of May 14, 2002, and that the '330 patent matured from Application No. 09/776,012, filed on February 1, 2001.  Except as expressly admitted, Nanya lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and therefore denies them.

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT
INFRINGEMENT

20.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.    Nanya admits the allegations in Paragraph 21.

### LONE STAR'S STANDING TO BRING THIS LAWSUIT

22.    Nanya denies the allegations in Paragraph 22.

23.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23. Nanya is without sufficient knowledge or information to form a belief as to whether Lone Star is the owner of all right, title, and interest in and to the patents referenced in The Patent Transfer Agreement, or whether Lone Star holds the right to sue and recover damages for infringement thereof, and therefore Nanya denies the allegations in Paragraph 23 of the First Amended Complaint.

24.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding The Patent Transfer Agreement and therefore denies them. To the extent any other allegations in Paragraph 24 require a response, they are denied.

25.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 regarding The Patent Transfer Agreement and therefore denies them. To the extent any other allegations in Paragraph 25 require a response, they are denied.

26.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 regarding The Patent Transfer Agreement and therefore denies them. To the extent any other allegations in Paragraph 26 require a response, they are denied.

27.    Nanya lacks any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 regarding The Patent Transfer Agreement and therefore denies them. Nanya denies the remaining allegations of

1   Paragraph 27.

2       28.    Nanya lacks any knowledge or information sufficient to form a belief as

3   to the truth of the allegations in Paragraph 28 regarding The Patent Transfer

4   Agreement and therefore denies them. To the extent any other allegations in

5   Paragraph 28 require a response, they are denied.

6       29.    Nanya lacks any knowledge or information sufficient to form a belief as

7   to the truth of the allegations in Paragraph 29 regarding The Patent Transfer

8   Agreement and therefore denies them. To the extent any other allegations in

9   Paragraph 29 require a response, they are denied.

10      30.    Nanya admits that the Federal Circuit issued a ruling in the case entitled

11  *Lone Star Silicon Innovations LLC v. Nanya Technology Corp*., *et al*. 925 F.3d 1225.

12  Nanya denies the allegations on how the Court ruled. All the allegations in Paragraph

13  30 that call for a legal conclusion require no response and are therefore denied. To

14  the extent that Paragraph 30 contains additional allegations requiring a response, they

15  are denied.

16  **THE NANYA DEFENDANTS' INFRINGING PRODUCTS AND METHODS**

17      31.    Nanya admits that it sells DRAM memory semiconductor devices in the

18  United States.  Except as expressly admitted, Nanya denies the remaining allegations

19  of Paragraph 31.

20                      **FIRST CAUSE OF ACTION**

21                   **Infringement of the '061 Patent**

22      32.    Nanya repeats and re-alleges each and every allegation of Paragraphs 1

23  through 31 above as though fully set forth herein.

24      33.    Nanya denies the allegations of Paragraph 33.

25      34.    Nanya denies the allegations of Paragraph 34.

26      35.    Nanya admits that it has been served with the Complaint in this action.

27  Except as expressly admitted, Nanya denies the remaining allegations of Paragraph

28

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT
INFRINGEMENT

1  35.

2      36.    Nanya denies the allegations of Paragraph 36.

3      37.    Nanya denies the allegations of Paragraph 37.

4      38.    Nanya denies the allegations of Paragraph 38.

5      39.    Nanya denies the allegations of Paragraph 39.

6      40.    Nanya denies the allegations of Paragraph 40.

7      41.    Nanya denies the allegations of Paragraph 41.

8      42.    Nanya denies the allegations of Paragraph 42.

9      43.    Nanya denies the allegations of Paragraph 43.

10     44.    Nanya denies the allegations of Paragraph 44.

11     45.    Nanya denies the allegations of Paragraph 45.

12              **SECOND CAUSE OF ACTION**

13              **Infringement of the '330 Patent**

14     46.    Nanya repeats and re-alleges each and every allegation of Paragraphs 1

15  through 31 above as though fully set forth herein

16     47.    Nanya denies the allegations of Paragraph 47.

17     48.    Nanya denies the allegations of Paragraph 48.

18     49.    Nanya admits that it has been served with the Complaint in this action.

19  Except as expressly admitted, Nanya denies the remaining allegations of Paragraph

20  49.

21     50.    Nanya denies the allegations of Paragraph 50.

22     51.    Nanya denies the allegations of Paragraph 51.

23     52.    Nanya denies the allegations of Paragraph 52.

24     53.    Nanya denies the allegations of Paragraph 53.

25     54.    Nanya denies the allegations of Paragraph 54.

26     55.    Nanya denies the allegations of Paragraph 55.

27     56.    Nanya denies the allegations of Paragraph 56.

28

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT
INFRINGEMENT

1    57.    Nanya denies the allegations of Paragraph 57.

2    58.    Nanya denies the allegations of Paragraph 58.

3    59.    Nanya denies the allegations of Paragraph 59.

4                        **PRAYER FOR RELIEF**

5    60.    Nanya denies that Lone Star is entitled to any of the relief sought in its

6    prayer or any relief whatsoever.

7                      **RESERVATION OF RIGHTS**

8    61.    Nanya denies the allegations set forth in Lone Star's Paragraph in its

9    First Amended Complaint seeking reservation of rights alleging that certain material

10   information remains in the sole possession of Nanya.

11                            **JURY DEMAND**

12   62.    Lone Star's request for a jury trial does not require a response.

13                          **GENERAL DENIAL**

14   63.    To the extent that any of the allegations of the Complaint are not

15   specifically admitted, Nanya denies them.

16                    **NANYA'S JURY TRIAL DEMAND**

17   64.    Pursuant to Federal Rule of Civil Procedure 38(b), Nanya demands a

18   trial by jury as to all issues so triable.

19                      **AFFIRMATIVE DEFENSES**

20   65.    Nanya incorporates the foregoing paragraphs by reference. Nothing in

21   these defenses is intended to alter the identity of the party that bears the burden of

22   proof as to any matter raised in any defense.

23            **FIRST AFFIRMATIVE DEFENSE: NO STANDING**

24   66.    Lone Star lacks standing to assert its claims of infringement because

25   Lone Star does not legally hold title or possess any exclusionary rights to the

26   Patents in Suit.

27

28

4822-8893-7396.1                   - 8 -                 DEFENDANT'S ANSWER TO FIRST
                                                         AMENDED COMPLAINT FOR PATENT
                                                         INFRINGEMENT

1

**SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

2       67.     Lone Star's First Amended Complaint fails to state a claim upon which

3    relief can be granted because Nanya has not performed any act and is not proposing

4    to perform any act in violation of any rights validly belonging to Lone Star.

5               **THIRD AFFIRMATIVE DEFENSE: NON-INFRINGEMENT**

6       68.     Nanya has not infringed and does not infringe any claim of the '061

7    and '330 patents, either literally or under the doctrine of equivalents, directly or

8    indirectly, willfully or otherwise.

9               **FOURTH AFFIRMATIVE DEFENSE: INVALIDITY**

10      69.     One or more of the claims of the '061 and '330 patents are invalid for

11   failure to meet one or more of the conditions for patentability specified in 35 U.S.C.

12   §§ 101, 102, 103, and/or 112.

13              **FIFTH AFFIRMATIVE DEFENSE: PATENT MISUSE**

14      70.     The '061 and '330 patents are unenforceable because Lone Star has

15   misused the '061 and '330 patents by attempting to enforce them despite knowing

16   that they are invalid and/or not infringed.

17                  **SIXTH AFFIRMATIVE DEFENSE: EQUITY**

18      71.     Lone Star's claims of infringement against Nanya are barred in whole

19   or in part by the doctrines of estoppel, including but not limited to prosecution

20   history estoppel and equitable estoppel, waiver, laches, acquiescence, unclean

21   hands, misconduct, unfair competition, and/or other equitable defenses.

22              **SEVENTH AFFIRMATIVE DEFENSE: FAILURE TO**

23                     **PLEAD WITH PARTICULARITY**

24      72.     Lone Star has failed to plead with sufficient particularity any claim of

25   inducing infringement or contributory infringement of the Patents in Suit.

26   **EIGHTH AFFIRMATIVE DEFENSE: 35 U.S.C. §§ 286, 287, AND/OR 288**

27      73.     Lone Star's claim for damages is limited under at least 35 U.S.C. §§

28

286, 287, and/or 288.

## NINTH AFFIRMATIVE DEFENSE: EXHAUSTION
## AND IMPLIED LICENSE

74.     Lone Star's claims are barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

## TENTH AFFIRMATIVE DEFENSE: LACHES

75.     Lone Star's claims are barred in whole or in part by the doctrine of laches, including without limitation the doctrine of prosecution laches.

## RESERVATION OF OTHER DEFENSES

76.     Nanya reserves all other defenses pursuant to Federal Rule of Civil Procedure 8(c), the patents laws of the United States, and any other defenses at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## RELIEF REQUESTED BY NANYA

Nanya respectfully requests that this Court enter judgment:

A.     Dismissing Plaintiffs' First Amended Complaint with prejudice and ordering that Plaintiffs take nothing from Nanya;

B.     Entering judgment in favor of Nanya and against Plaintiffs on Plaintiffs' claims for patent infringement;

C.     Denying Plaintiffs' request for damages or any other relief;

D.     Denying Plaintiffs' request that Nanya pay interests, attorneys' fees, costs, or expenses;

E.     Ordering Plaintiffs to pay all costs incurred by Nanya in responding to this action, including Nanya's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.     Awarding Nanya all other relief this Court deems just and proper.

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT
INFRINGEMENT

1   Dated:  February 18, 2020                NIXON PEABODY LLP

2

3                                            By: /s/ Peter J. Wied
                                                 Peter J. Wied
4                                                Attorneys for Defendants
                                                 NANYA TECHNOLOGY
5                                                CORPORATION, NANYA
                                                 TECHNOLOGY CORPORATION,
6                                                USA, and NANYA TECHNOLOGY
                                                 CORPORATION DELAWARE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4822-8893-7396.1                    - 11 -

1

## **CERTIFICATE OF SERVICE**

2       The undersigned certifies that on February 18, 2020, all counsel of record

3   who are deemed to have consented to electronic service are being served with a

4   copy of the above and foregoing document via the Court's CM/ECF system per

5   Civil L.R. 5-1(h)(1).  All other counsel of record not deemed to have consented to

6   electronic service will be served with a true and correct copy of the foregoing by

7   email.

8

9                                          /s/ Peter J. Wied
                                           _____
10                                          Peter J. Wied
                                           *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT FOR PATENT
INFRINGEMENT